UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK A. WARE,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>C. KOENIG,<br><br>　　　　　Respondent. | Case No. 21-cv-01069-JD<br><br>**ORDER FOR RESPONDENT TO SHOW CAUSE**<br><br>Re: Dkt. No. 2 |

Derrick Ware, a state prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted in Contra Costa County, which is in this district, so venue is proper here. *See* 28 U.S.C. § 2241(d).

## BACKGROUND

Petitioner was found guilty by a jury of kidnapping for sexual purposes as well as several other sexual offenses and related enhancements. *People v. Ware*, No. A142909, 2018 WL 6718506, at *1 (Cal. Ct. App. Dec. 21, 2018). Petitioner was sentenced to 100 years to life in prison. *Id*. at 2. The California Court of Appeal affirmed the conviction. *Id*. at 1. The California Supreme Court denied review. Petition at 3 Petitioner's state habeas petitions were all denied. *Id*. at 3-4.

## DISCUSSION

### STANDARD OF REVIEW

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading

requirements. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief available to the petitioner ... [and] state the facts supporting each ground." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

**LEGAL CLAIMS**

As grounds for federal habeas relief, petitioner asserts that[1]: (1) the prosecution failed to disclose favorable and impeachment evidence and the trial court erred in ruling that the prosecution met its discovery obligations (Petition at 7, 65); (2) his rights were denied in a hearing regarding conflicts between a codefendant's attorney and the prosecution and the violation of a joint defense agreement (Petition at 70); (3) the trial court issued erroneous jury instructions regarding the victim and consent and intoxication (Petition at 80); (4) the jury repeatedly observed him in shackles and the trial court erred by not declaring a mistrial and by issuing erroneous jury instructions regarding shackling (Petition at 83, 91); (5) the trial court erred by failing to inquire of jurors who observed him in shackles and also heard a deputy district attorney discussing the case in the hallway (Petition at 93); (6) there was juror misconduct (Petition at 95); (7) the trial court erred in in denying expert evidence presented by the defense (Petition at 98); and (8) and the trial court erred by issuing a jury instruction that improperly bolstered the victim's credibility (Petition at 105). Liberally construed, these claims are sufficient to require a response.

**CONCLUSION**

1.     The motion to proceed in forma pauperis (Docket No. 2) is **GRANTED**. The clerk shall serve by electronic mail a copy of this order on the Attorney General of the State of California at **SFAWTParalegals@doj.ca.gov**. The clerk also shall serve a copy of this order on

---

[1] The Court has grouped similar claims together.

petitioner by regular mail. Respondent can view the petition on the electronic docket (Docket No. 1).

2. Respondent shall file with the Court and serve on petitioner, within sixty (60) days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent within twenty-eight (28) days of his receipt of the answer.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, it is due sixty (60) days from the date this order is entered. If a motion is filed, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within twenty-eight (28) days of receipt of the motion, and respondent shall file with the Court and serve on petitioner a reply within fourteen (14) days of receipt of any opposition.

4. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: April 26, 2021

JAMES DONATO
United States District Judge

3